UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-5207 PA (MARx) | Date | December 28, 2021 |
|---|---|---|---|
| Title | David Loaiza v. Primary Color, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS – COURT ORDER

Before the Court is a Motion for Default Judgment filed by plaintiff David Loaiza ("Plaintiff") against defendant Primary Color, Inc. ("Defendant") (Docket No. 21). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for January 10, 2022, is vacated, and the matter taken off calendar.

**I.   Factual & Procedural Background**

Plaintiff commenced this action, which alleges a claim for violations of the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act, Cal. Civ. Code § 51-53, on June 25, 2021. According to Plaintiff's Complaint, he is visually impaired and cannot use a computer without the assistance of screen reading software. Defendant, which maintains a physical retail location within California, operates a website that, according to Plaintiff, poses accessibility barriers for visually impaired people that include a lack of alternative text and empty and redundant links. (See Compl. ¶ 27.)

According to the Proof of Service filed by Plaintiff, Defendant was served with the Summons and Complaint on October 1, 2021. Defendant did not timely file an Answer and has not otherwise appeared in this action. The Clerk entered Defendant's default on November 3, 2021. Plaintiff filed this Motion for Default Judgment on December 3, 2021. To date, despite being served with notice of this Motion, and the expiration of its time to do so, Defendant has not filed an Opposition.

**II.   Discussion**

In his Motion, Plaintiff seeks an award of $4,000.00 in statutory damages allowable under the Unruh Civil Rights Act, an award of $11,325.00 in attorneys' fees, and $4,588.00 in costs. Plaintiff does not seek injunctive relief provided by the ADA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-5207 PA (MARx) | Date | December 28, 2021 |
|---|---|---|---|
| Title | David Loaiza v. Primary Color, Inc. | | |

### A.  Liability

Federal Rule of Civil Procedure 55(b)(2) grants the Court the power to enter a default judgment.  The Court need not make detailed findings of fact in the event of a default judgment. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990).  Factors the Court should consider in evaluating a motion for entry of default judgment include: "(1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  Default judgments are usually disfavored and cases should be decided on their merits whenever reasonably possible.  Id. at 1472.

Here, the Court finds that these factors weigh in favor of granting Plaintiff's Motion.  In light of the well-pleaded allegations in the Complaint and Defendant's failure to answer or otherwise participate in the action, Plaintiff's interest in an efficient resolution of the case outweighs Defendants' interest in adjudication on the merits.  See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible.  Under Fed. R. Civ. P 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action.").

### B.  Damages

Plaintiff seeks the minimum statutory damages of $4,000.00 pursuant to the Unruh Civil Rights Act.  See Cal. Civ. Code § 52(a).  While allegations as to liability are deemed admitted in a motion for default judgment, allegations in the complaint regarding damages are not.  See Geddes, 559 F.2d at 560.  According to the Unruh Civil Rights Act, anyone who commits an act of discrimination under the Act "is liable for each and every offense for the actual damages, and any amount that may be determined . . . up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto . . . ." Id.  "[P]roof of actual damages is not a prerequisite to the recovery of statutory minimum damages." Botosan v. Paul McNally Realty, 216 F.3d 827, 835 (9th Cir. 2000).  The Court therefore awards Plaintiff statutory damages of $4,000.00.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-5207 PA (MARx) | Date | December 28, 2021 |
|---|---|---|---|
| Title | David Loaiza v. Primary Color, Inc. | | |

### C. Attorney's Fees and Costs

Finally, Plaintiff seeks an award of attorneys' fees in the amount of $11,325.00 and costs of $4,588.00 (comprised of a filing fee of $405.00,[1/] $133.00 in service costs, an "expert consulting fee" of $3,500.00, and $550.00 to "[o]btain expert report"). Under Title III of the ADA, a prevailing plaintiff may be awarded reasonable attorneys' fees and litigation costs. See 42 U.S.C. § 12205. While Local Rule 55-3 provides a schedule of fees in the event of default judgment, "if a party seeks a fee 'in excess of' the schedule and timely files a written request to have the fee fixed by the court, then the court must hear the request and award a 'reasonable' fee . . . without using the fee schedule as a starting point." Vogel v. Harbor Plaza Ctr., LLC, 893 F.3d 1152, 1159 (9th Cir. 2018).

To determine reasonable attorneys' fees, district courts first calculate the "lodestar" by multiplying the number of hours reasonably spent by a reasonable hourly rate. Pierce v. Cnty. of Orange, 905 F. Supp. 2d 1017, 1025 (C.D. Cal. 2012) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). A reasonable hourly rate is "'calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel.'" Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001) (quoting Blum v. Stenson, 465 U.S. 886, 895, 104 S. Ct. 1541, 1547, 79 L. Ed. 2d 891 (1984)). The burden is on the plaintiff to produce evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Id. (quoting Blum, 465 U.S. at 895 n.11). The burden is on the party seeking fees to submit evidence supporting the hours worked and rates claimed. Gates v. Gomez, 60 F.3d 525, 534 (9th Cir. 1995); Hensley, 461 U.S. at 433. "In a case in which a defendant fails to appear or otherwise defend itself . . . the burden of scrutinizing an attorney's fee request – like other burdens – necessarily shifts to the court." Vogel, 893 F.3d at 1160 (citing Tuli v.Republic of Iraq (In re Tuli), 172 F.3d 707, 712 (9th Cir. 1999)). Once the lodestar is determined, the Court then considers whether the lodestar amount should be adjusted to accurately reflect a reasonable fee by looking at the factors discussed in Kerr v. Screen Extras Guild, 526 F.2d 67, 70 (9th Cir. 1975). "There is a strong presumption that the lodestar figure represents a reasonable fee. 'Only in rare instances should the lodestar figure be adjusted on the basis of other considerations.'" Morales v. City of San Rafael, 96 F.3d 359, 363 n.8 (9th Cir. 1996) (quoting Harris v. Marhoefer, 24 F.3d 16, 18 (9th Cir. 1994)).

---

[1/] The current filing fee, and that paid by Plaintiff in this case, is actually $402.00. (See Docket No. 1 (indicating payment of a $402.00 filing fee).)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-5207 PA (MARx) | Date | December 28, 2021 |
|---|---|---|---|
| Title | David Loaiza v. Primary Color, Inc. | | |

  Here, Plaintiff is the prevailing party, and an award of attorneys' fees is appropriate. See Barrios v. Cal. Interscholastic Fed'n, 277 F.3d 1128, 1134 (9th Cir. 2002). "The applicant should exercise 'billing judgment' with respect to hours worked, and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." Hensley, 461 U.S. at 437, 103 S. Ct. 1933, 76 L. Ed. 2d 40. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Id. at 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40; see also In re Wash. Pub. Power Supply Sys. Sec. Litig., 19 F.3d 1291, 1306 (9th Cir. 1994) ("[T]he district court was neither obligated to explain what type of records should be submitted nor to request additional information. The burden of presenting the appropriate fee documentation rests squarely on the shoulders of the attorneys seeking the award."). "[P]laintiff's counsel can meet his burden—although just barely—by simply listing his hours and 'identifying the general subject matter of his time expenditures.'" Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1121 (9th Cir. 2000) (quoting Davis v. City and Cnty. of S.F., 976 F.2d 1536, 1542 (9th Cir. 1992), vacated in part on other grounds by 984 F.2d 345 (9th Cir. 1993)). However, the court "should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" Id. (quoting Hensley, 461 U.S. at 434, 103 S. Ct. 1933, 76 L. Ed. 2d 40).

  According to a "Summary of Attorney's Fees" provided in the Declaration of Binyamin Manoucheri ("Manoucheri"), Plaintiff was represented by attorney Thiago Coelho ("Coelho"), a partner, seeking compensation at $550.00/hour for 8 hours of work, by Manouchei, an associate seeking compensation at $400.00/hour for 13.5 hours of work, and a legal assistant at $100.00/hour for 1.0 hours of work. (Manoucheri Decl. 2:21-4:28. The Court notes that Plaintiff's counsel has filed almost 300 nearly identical action in the last several years on behalf of a small number of plaintiffs. Plaintiff in this action is a plaintiff in nine other actions filed in this District since May 2020. Many of the time entries for which Plaintiff's counsel seeks compensation in this action are for relatively simple tasks that Plaintiff's counsel's firm performs in identical fashion in the hundreds of nearly identical cases the firm has filed. Coehlo also claims to have expended 1.7 hours consulting with an expert more than three months after filing the action, and another 2.4 hours a week later for analyzing the expert's report and discussing the report with the expert. Nothing filed in support of the Motion for Default Judgment identifies the expert, the expert's qualifications, or the necessity for the report at that stage of the proceedings, which occurred months after the filing of the Complaint and before the Defendant's deadline to appear had even expired. Given these issues, and the boilerplate nature of much of this work, the Court concludes that certain reductions in the number of hours claimed is warranted to the following entries:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-5207 PA (MARx) | Date | December 28, 2021 |
|---|---|---|---|
| Title | David Loaiza v. Primary Color, Inc. | | |

| Date | Description | Biller | Time Sought | Time Awarded |
|---|---|---|---|---|
| 6/17/21 | Communicate with client regarding deficiencies with Primary Color, Inc. website | Atty | 1.0 | 0.5 |
| 6/18/21 | Communicate with staff regarding research potential defendant, in preparation to draft complaint | Atty | 0.2 | 0.2 |
| 6/21/21 | Utilize online search engine and research Primary Color, Inc., as per handling attorney request | Staff | 1.9 | 1.9 |
| 6/23/21 | Draft complaint for handling attorney review | Assoc | 2.4 | 1.0 |
| 6/25/21 | Review and revise draft complaint in preparation to finalize and file | Atty | 0.9 | 0.3 |
| 6/25/21 | Revise complaint based on attorney revisions; Draft case initiating documents in preparation to file | Assoc | 1.2 | 0.5 |
| 10/11/21 | Consult with expert regarding case facts | Atty | 1.7 | 0.0 |
| 10/18/21 | Review and analyze expert report; Discuss findings with expert | Atty | 2.4 | 0.0 |
| 10/21/21 | Communicate with client regarding case status and plan of action | Atty | 1.1 | 0.3 |
| 10/28/21 | Review file materials and draft Request for Entry of Default and Declaration in Support of Default | Assoc | 2.4 | 1.0 |
| 11/1/21 | Review Request for Entry of Default and Declaration in Support of Default Request | Atty | 0.5 | 0.3 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-5207 PA (MARx) | Date | December 28, 2021 |
|---|---|---|---|
| Title | David Loaiza v. Primary Color, Inc. | | |

| Date | Description | Biller | Time Sought | Time Awarded |
|---|---|---|---|---|
| 11/2/21 | Finalize Request for Entry of Default and Declaration in Support of Default Request | Atty | 0.2 | 0.2 |
| 11/21/21 | Research case law and default motions granted by the court | Assoc | 3 | 1.5 |
| 12/1/21 | Draft motion for default judgment and Declaration in Support of Motion | Assoc | 4 | 2 |
| 12/2/21 | Review Motion for Default Judgment and Declaration in Support of Motion | Assoc | 1.5 | 0.5 |
| 12/3/21 | Finalize Motion for Default Judgment and Declaration in Support of Motion | Atty | 1 | 0.5 |

The Court therefore reduces the time for Coelho from 8 hours to 2.3 hours as the reasonable number of hours for the work he performed in this action. The Court reduces the time spent by Manoucheri from 13.5 hours to 6.5 hours. The Court will not make a reduction in the 1.9 hours claimed by the legal assistant.

    Plaintiff seeks hourly rates of $550.00 for Coehlo, $400.00 for Manoucheri, and $100.00 for the legal assistant. Manoucheri's Declaration provides no information concerning his or Coehlo's experience, rates charged or awarded in other matters, or the rates charged by attorneys of similar skill and experience in the community performing similar work. As a result, Plaintiff's counsel has not satisfied their burden to establish the reasonableness of the rates they seek for the work performed. See Van Gerwen v. Guar. Mut. Life. Co., 214 F.3d 1041, 1045 (9th Cir. 2000) ("The party seeking an award of fees must submit evidence supporting the hours worked and the rates claimed."); see also Sorenson, 239 F.3d at 1145. The Court notes that it has presided over 20 actions filed by Plaintiff's counsel, and is therefore quite familiar with the nature and quality of counsel's practice. That practice appears to value quantity over quality. The actions filed by Plaintiff's counsel rely primarily on form documents that vary little from one case to the next. Plaintiff's counsel has also repeatedly missed deadlines and this and other Courts have dismissed actions filed by Plaintiff's counsel for failure to prosecute. In light of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-5207 PA (MARx) | Date | December 28, 2021 |
|---|---|---|---|
| Title | David Loaiza v. Primary Color, Inc. | | |

relative simplicity of this case, counsel's failure to adequately support the requested hourly rate, and the quality of Plaintiff's counsel's work, the Court concludes that an hourly rate of $300.00 is reasonable for Coehlo and $275.00 for Manoucheri. See Vogel v. Harbor Plaza Center, LLC, 857 F. App'x 293, 295 (9th Cir. 2021) ("Although $300 per hour may be on the low side of the $300-650 range for ADA cases in the Central District, Vogel has not shown that the district court abused its discretion in setting Hubbard's hourly rate at $300 per hour."); see also Fernandez v. Torres, No. 20-55723, 2021 WL 4690940, at *1 (9th Cir. Oct. 7, 2021) (affirming a rate of $275.00 per hour for one of the counsel representing a plaintiff in an ADA case because "the case was a simple one and the attorneys had failed to provide much information"). The Court additionally concludes that the $100.00 hourly rate is reasonable for the work performed by the legal assistant. The Court therefore awards fees in the amount of $2,667.50 (consisting of $690.00 for Coehlo (2.3 hours at $300.00/hour), $1,787.50 for Manoucheri (6.5 hours at $275.00/hour) and $190.00 for the legal assistant (1.9 hours at $100.00/hour)).

Finally, Plaintiff seeks an award of litigation costs. The Court will award Plaintiff the filing fee of $402.00 (not the $405.00 requested by Plaintiff's counsel). However, because Plaintiff has not provided bills or supporting evidence, other than a summary in Manoucheri's Declaration concerning the service costs or expert fees, Plaintiff has not adequately established the reasonableness or recoverability of these costs and the Court is unable to determine the amount of additional costs to which Plaintiff might be entitled. The Court therefore denies Plaintiff's remaining costs.

## **Conclusion**

For the foregoing reasons, the Court grants Plaintiff's Motion for Default Judgment. The Court awards Plaintiff $4,000.00 in statutory damages, attorneys' fees of $2,667.50, and costs of $402.00. The Court will enter a Judgment consistent with this Order.

IT IS SO ORDERED.